**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Roy P. ALLISON, Defendant-Appellant.
No. 72–1454.**

United States Court of Appeals,
Fifth Circuit.

March 6, 1974.

Rehearing Denied April 3, 1974.

John C. Ciolino, George M. Leppert, New Orleans, La., for defendant-appellant.

Gerald J. Gallinghouse, U. S. Atty., Patrick C. McGinity, Mary Williams Cazalas, Asst. U. S. Attys., New Orleans, La., for plaintiff-appellee.

Appeal from the United States District Court for the Eastern District of Louisiana.

## ON PETITION FOR REHEARING

(Opinion Feb. 2, 1973, 5 Cir., 1973, 474 F.2d 286).

Before RIVES, WISDOM and RONEY, Circuit Judges:

PER CURIAM:

It is ordered that the petition for rehearing filed in the above entitled and numbered cause be and the same hereby is granted, our prior opinion is vacated, and the conviction is affirmed.

This appeal involved the admissibility at the defendant's trial of testimony given by him before the grand jury. Initially we reversed the trial court because portions of the introduced testimony were clearly irrelevant and prejudicial to the defendant's cause. On petition for rehearing, however, the Government has asserted that defense counsel wanted the irrelevant portions of the testimony read together with those portions which the Government sought to introduce. After a hearing in the District Court to supplement the record in this regard under Rule 10(e), F.R.A.P., we find that although defense counsel .did not waive his original objection to the introduction of any of the grand jury testimony, he did agree that if the testimony were introduced over his objection, he wished the remainder of the testimony introduced to lessen the impact of the admissible testimony.

Upon rehearing, we find that some of the testimony introduced by the Government was relevant as admissions of the defendant. Therefore, all of the testimony was admissible pursuant to the request of the defense counsel. The Supplemental Brief for Appellant on Remand in Opposition to Rehearing further substantiates this point:

. . . *counsel for defendant stated that if any of the non-deleted portion was read, over his objection, of course, he wanted the entire non-deleted portion to be read.* (Emphasis in original) (pg. 2)

*Mr. Ciolino made a basic objection continuing throughout the course of the trial as to the introduction of any Grand Jury testimony on the basis of Fifth Amendment grounds.* However, if it was going to be allowed at all, he thought that all of it should go in . . . . (Emphasis in original) (pg. 3)

Once the admissibility of any of the testimony was established, all of it became admissible at the request of defense counsel. His objection was lost.

We have reviewed the other issues raised on appeal and find that the evidence was sufficient to support the conviction, that the charge to the jury was proper, and that there was no abuse of discretion in permitting witness Marie Hunt to testify.

Affirmed.