UNITED STATES of America,
Plaintiff-Appellee,

v.

Michael Jerome BELL,
Defendant-Appellant.

No. 74–3599
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 4, 1975.
Rehearing Denied May 13, 1975.

Richard S. Rhodes, Orlando, Fla., for defendant-appellant.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

**1096**

John L. Briggs, U. S. Atty., Jacksonville, Fla., Harrison T. Slaughter, Jr., Orlando, Fla., for plaintiff-appellee.

Before COLEMAN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Michael Jerome Bell seeks reversal of his conviction for possession with intent to distribute and distribution of heroin, Title 21, U.S.C. § 841(a)(1). He alleges (1) that the court erred in excluding certain defense impeachment evidence, (2) that evidence of other unrelated crimes should not have been received, and (3) that the prosecutor commented on his failure to testify. Upon review of these alleged errors we find them to be without merit and affirm.

Appellant was charged with eight counts of possession and distribution of heroin on February 7 and 11, 1974, and convicted by the jury as to six counts, with two counts, Counts 3 and 7, going out by directed judgment of acquittal. Concurrent confinement sentences of eight years were imposed by the court, with a special parole thereafter of six years. The transactions all occurred in the ABC Lounge in Orlando, Florida. Appellant sold heroin to undercover agents Forrest Beverly and Marilyn Jones. After he sold them the heroin, he arranged for them to buy cocaine from Nathaniel Johnson, who testified against him at trial.

At trial the court excluded impeachment testimony concerning agent Beverly as being too remote in time. Appellant was attempting to prove that at a party in late March 1974, about six weeks after the period involved in the charges against Bell, Beverly was smoking marijuana. He also sought to introduce evidence concerning certain other complaints and arrests made by Beverly, alleging they contained inconsistent dates and times. Appellant also alleges that testimony concerning Johnson's sale of cocaine on the same occasion as one of the heroin transactions to the agents should have been excluded.

Finally, on redirect, after defense counsel had established there were no other persons in the agents' office who could corroborate that Bell was present on the 7th and 11th, the prosecutor asked Beverly who was able to corroborate Bell's presence on the 7th and 11th, to which the agent replied, "Nathaniel Johnson and Michael Bell". Appellant argues that this was a comment on his failure to testify.

Appellant argues he should have been allowed to impeach the testimony of Beverly that he did not use and had never used narcotic drugs, by the testimony of other persons who would testify that he had smoked marijuana at a party, in March, as related above, some six weeks after the incidents that were the basis of this charge. Appellant also sought to introduce discrepancies in the dates of some complaints, concerning unrelated drug matters, that Beverly had made. The court ruled such testimony irrelevant and immaterial, and too remote in time from the illegal acts charged.

A district court has wide discretion in determining relevance and materiality, and its ruling will not be disturbed in the absence of an abuse of discretion. United States v. Allison, 5 Cir. 1973, 474 F.2d 286, 288–289, vac. on other grounds, 490 F.2d 79, and the cases cited therein. Appellant has made no showing of an abuse of the court's discretion. The agent testified that such charges were often made against him in his work. His testimony as to the drug transactions was corroborated by that of another agent. As to the discrepancies in the formal complaints lodged in other drug matters by Beverly, those matters were entirely unrelated to the matter at hand. They were collateral issues, impeachment as to which is not permitted. See McCormick, Evidence, 2d ed. 1972, § 47.

Appellant's argument—that the response that he and his co-defendant

Nathaniel Johnson were the only ones who could corroborate his presence at the sale of heroin, other than the DEA Agents—was a comment on his failure to take the stand, is also without merit. Appellant had opened the door to such inquiry by his questions of the agent on cross. The agent's response was only cumulative of what he had been testifying to all along, that appellant had sold him drugs. The prejudicial effect, if any, of the alleged improper question was slight while the evidence of guilt was overwhelming. See United States v. Rhoden, 5 Cir. 1972, 453 F.2d 598.

■ Appellant next alleges the court erred in allowing testimony of the DEA agents that appellant had arranged for them to buy cocaine from Nathaniel Johnson, an unrelated drug transaction. Agent Beverly testified that immediately after he bought heroin from Bell, he made another drug purchase of cocaine from Nathaniel Johnson, who had been introduced to him by appellant. Johnson's testimony was similar. The court allowed the testimony in for the limited purpose of identification, and so instructed the jury. The government had attempted to bring out such testimony on direct, but was not allowed to. On cross, defense counsel asked what drug purchases agent Beverly made on February 7th, to which he replied from Bell and Nathaniel Johnson. On re-direct the agent described the sale by Johnson and how Bell introduced them.

The government argues that the testimony involved was as to the res gestae of the crime, while appellant argues it concerned unrelated crimes and thus prejudiced him. Weighing together the circumstances here, together with all the evidence and testimony, and the instructions given, any error in the admission of the evidence was harmless beyond reasonable doubt. In the circumstances of this case, we are convinced that the substantial rights of Bell were not affected. The evidence of appellant's guilt is strong, clear and convincing. See Kotteakos v. United States, 1946, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557.

The evidence amply warrants the finding of guilt and we perceive no prejudicial error of law in the trial.

Affirmed.